IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BETTIE POLITE, )
)
    Plaintiff, )
)
v. ) CASE NO. CV408-175
)
GEORGIA HERITAGE FEDERAL )
CREDIT UNION, )
)
    Defendant. )
)

## O R D E R

Before the Court is Defendant Georgia Heritage Credit Union's ("Georgia Heritage") Motion for Summary Judgment. (Doc. 17.) Plaintiff Bettie Polite has responded in opposition (Doc. 23), and Defendant has filed a Reply (Doc. 24).[1] For the following reasons, Defendant's Motion is **DENIED**.

---

[1] Plaintiff filed a Sur-reply to Defendant's Reply. (Doc. 25.) In response, Defendant filed a Motion to Strike Plaintiff's Sur-reply, arguing that Plaintiff's Sur-reply failed to comply with this Court's local rules. (Doc. 26.) Specifically, Defendant contends that Plaintiff violated S.D. Ga. L.R. 7.6 by failing to both give this court proper notice of her intent to file a sur-reply and serve the Sur-reply within eleven calendar days of Defendant's Reply. Plaintiff did not respond to Defendant's Motion to Strike. After careful consideration, Defendant's Motion to Strike is **GRANTED**. The Court will disregard Plaintiff's Sur-reply when considering Defendant's Motion for Summary Judgment.

## BACKGROUND

In May of 1973, Defendant Georgia Heritage hired Plaintiff Bettie Polite to serve as a bank teller. (Doc. 17, Attach. 1 ¶ 1.) Plaintiff is a fifty-nine-year-old, female, African-American. During her long career at Georgia Heritage, Plaintiff held several different positions, including teller, payroll clerk, bookkeeper, and loan officer. (Doc. 23, Ex. A ¶ 2.) In February 2007, Plaintiff began working at Georgia Heritage's Georgetown branch. (Doc. 17, Attach. 1 ¶ 8.) The Parties dispute Plaintiff's title and duties while she was working at the Georgetown branch. Defendant claims that Plaintiff was a Member Services Representative ("MSR") and was responsible for processing and approving consumer loans, working on the teller line, opening new accounts, and assisting members with personal loans applications. (Id. ¶ 5.) Plaintiff alleges that her title at the Georgetown branch was Senior Loan Officer ("SLO"), and that her duties included processing and handling paperwork for real estate, home equity, and automobile loans, as well as coordinating and completing paperwork for real estate closings. (Doc. 23, Ex. A ¶ 3.)

Due to a lack of business, Defendant closed the Georgetown branch on January 1, 2008. (Doc. 17, Attach. 1

¶ 18.) In preparation for the closure, Defendant offered several of the Georgetown branch employees positions at the main branch in Savannah. Specifically, a Georgetown branch teller was offered the same position and the manager of the Georgetown branch was offered the position of Head Teller. (Doc. 23, Ex. A ¶ 27.) The positions offered to these employees would not have resulted in a reduction of pay. (Id.) Because, according to Defendant, there was no open position similar to Plaintiff's, she was offered a teller position at the Savannah branch. (Id. ¶ 28.) However, the rate of pay for that position was significantly lower than Plaintiff's previous position at the Georgetown branch. (Id.) Ultimately, Plaintiff turned down Defendant's offer, which resulted in the termination of her employment when the Georgetown branch was closed. (Id. ¶ 29.)

On September 3, 2008, Plaintiff filed this Complaint against Defendant, alleging that its decision to offer only her a lower paying position was improperly based on her race and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. (Doc. 1.) In support of her allegation, Plaintiff claims that, on January 8, 2008, Defendant hired a twenty-three-year-old, Caucasian as a Loan Processor for

3

the Savannah branch, a position for which Plaintiff was qualified. (Doc. 23 at 5.) Therefore, Plaintiff contends that Defendant could have offered her a similar position at the same rate of pay, just as it did for two of her co-workers at the Georgetown branch, but declined to do so because of her race and age. (Id. at 7.)

On August 11, 2009, Defendant filed its Motion for Summary Judgment. (Doc. 17.) In that Motion, Defendant argues that Plaintiff is not entitled to relief because she cannot establish that she was qualified for the Loan Processor position. (Doc. 17 at 3.) In addition, Defendant contends that even if Plaintiff was qualified, the individual it hired was more qualified. (Id.) Therefore, Defendant reasons that Plaintiff has failed to establish a claim for discrimination under either Title VII or the ADEA. (Id.) In response, Plaintiff contends that she has enough evidence of her qualifications to survive summary judgment. (Doc. 23 at 8-13.)

## ANALYSIS

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c). The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes). Summary judgment is appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish, by going beyond the pleadings, that there is a genuine issue concerning facts material to its case. Clark v. Coats & Clark, Inc., 929

F.2d 604, 608 (11th Cir. 1991). The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmoving party. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

I. PLAINTIFF'S CLAIMS OF RACE AND AGE DISCRIMINATION

Plaintiff's claims under both Title VII and the ADEA are analyzed under the same burden-shifting framework. See Johnson v. Atlanta Indep. Sch. Sys., 137 Fed. App'x 311, 313 (11th Cir. June 29, 2005) (unpublished) (citing Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000)). Under this framework, Plaintiff carries the initial burden of establishing a prima facie case of discrimination. To meet this burden, she must prove, by a preponderance of the evidence, that she was improperly discriminated against by

6

Defendant on the basis of her race or age. See <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973). Should Plaintiff meet her initial burden, Defendant must then articulate a legitimate, nondiscriminatory reason for the adverse employment action. <u>Id.</u> Finally, if Defendant satisfies its burden, Plaintiff must demonstrate, by a preponderance of the evidence, that Defendant's proffered reasons are merely pretext for discrimination. <u>Id.</u> at 804. Summary judgment will be granted if the evidence, as a whole, is such that a jury could not find that Plaintiff was a victim of discrimination. <u>Sample v. Schuller Int'l, Inc.</u>, 836 F. Supp. 876, 882 (S.D. Ga. 1993).

To establish a prima facie case of discrimination in a job-reduction case, a plaintiff must show

> (1) that he was in a protected group and was adversely affected by an employment decision; (2) that he was qualified to assume another position at the time of discharge or demotion; and (3) evidence by which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue.

<u>Barnes v. Sw. Forest Indus., Inc.</u>, 814 F.2d 607, 609 (11th Cir. 1987) (<u>citing</u> <u>Williams v. Gen. Motors Corp.</u>, 656 F.2d 120, 129 (5th Cir. 1981)).[2] Defendant argues that it is

---

[2] Both Parties appear to have the incorrect framework for establishing a prima facie case of discrimination under the facts of this case. The confusion appears to stem from the

7

entitled to summary judgment on Plaintiff's claims because she cannot establish a prima facie case of discrimination. Specifically, Defendant claims that Plaintiff has not shown that she was qualified for the open position. (Doc. 17 at 3-4.) Defendant further argues that even if Plaintiff can establish a prima facie case of discrimination, she cannot prove that its proffered, legitimate, non-discriminatory reason—Plaintiff being less qualified that the individual hired—is merely pretextual. (Id.)

A. Plaintiff's Prima Facie Case

With regards to a prima facie case, Defendants argue only that Plaintiff cannot establish the second element—that she was qualified for the position of Loan Processor at the time she was discharged. (Doc. 17 at 3-4.) According to Defendant, the Loan Processor position required "experience handling mortgages, real estate loans [and] home equity

---

belief that this is a claim based on Defendant's failure to hire Plaintiff for the Loan Processor position. (Doc. 17 at 5; Doc 23 at 7.) However, Plaintiff's claim is that she was not offered a position for which she was qualified when Defendant was downsizing. (Doc. 23 at 4-5.) Such a claim is based on wrongful termination, not a failure to hire. See Mitchell v. Worldwide Underwriters Ins. Co., 967 F.2d 565 (11th Cir. 1992) (applying reduction in force framework where employee alleged termination during employee reductions despite being qualified for an open position). In fact, neither Party has stated that Plaintiff even applied for the Loan Processor position—a requirement for a claim based on a failure to hire. See, e.g., Schoenfeld v. Babbitt, 168 F.3d 1257, 1267 (11th Cir. 1999).

loans." (Id. at 7.) Defendant relies on the declaration of Kimberly Ford, Vice President of Human Resources for Georgia Heritage; Plaintiff's deposition testimony; and past performance evaluations to support its contention that Plaintiff was unqualified for the Loan Processor position. (Doc. 17, Attach. 1 ¶¶ 56-66.)

However, Plaintiff has presented enough evidence to allow a reasonable jury to conclude that she was qualified for the position. In her deposition testimony, Plaintiff stated that she had experience handling various types of loans. (Doc. 17, Ex. A 56:1-16, 69:20 to 78:8, 164:5 to 166:15.) In addition, the performance evaluations indicate that Defendant wanted Plaintiff to be trained to handle various loans as far back as 2001.[3] (Doc. 17, Exs. C, F.) It is, at the very least, reasonable to assume that Defendant may have carried this out by January of 2008. Finally, despite its later assertions, Defendant admitted that Plaintiff held the position of Senior Loan Officer when her employment was terminated. (Doc. 5 ¶¶ 13-14.) Viewing this evidence in the light most favorable to Plaintiff, Matsushita, 475 U.S. at 587-88, the Court concludes that

---

[3] In addition, the performance evaluations state that they are "not designed to contain or be interpreted as an exhaustive inventory of all duties." (Doc. 17, Ex. C; accord id. Ex. F.)

Plaintiff has met her burden of establishing a prima facie case of race and age discrimination.

B.   Defendant's Legitimate, Non-Discriminatory Reason

As the Plaintiff has established a prima facie case, the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for its failure to offer Plaintiff the Loan Processor position. To this end, Defendant contends that the individual it hired was more qualified for the position than Plaintiff. (Doc. 17 at 9.) The burden now shifts to Plaintiff to prove that the proffered reason is merely a pretext. Plaintiff can satisfy her burden by showing "that a genuine issue of material fact in dispute could lead a rational trier of fact to make a finding of pretext." Chapman, 229 F.3d at 1024-25. Plaintiff contends that Defendant's reason is merely pretextual because she was at least as qualified as the individual Defendant hired. (Doc. 23 at 10-13.)

In support of its argument, Defendant states that the individual it hired had two years of experience handling home mortgages and two years of experience handling auto loans. (Doc. 17, Attach. 1 ¶ 53.) However, Defendant fails to state why Plaintiff is less qualified in comparison. In her deposition, Plaintiff stated that she had experience handling both automobile loans and

mortgages, qualifications similar to the individual Defendant hired. (Id., Ex. A 56:1-16, 69:20 to 78:8, 164:5 to 166:15.) Also, many of Plaintiff's performance evaluations indicate that she handled home and automobile loans. (Id., Exs. C, F.) After reviewing all these submissions, the Court concludes that a reasonable jury could find Plaintiff at least as qualified as the individual Defendant ultimately hired to fill the Loan Processor position. As a result, the Court cannot grant Defendant's request for summary judgment because a material issue of fact exists. Accordingly, Defendant's Motion is **DENIED**.

**CONCLUSION**

Before the Court is Defendant Georgia Heritage's Motion for Summary Judgment. (Doc. 17.) For the foregoing reasons, Defendant's Motion is **DENIED**.

SO ORDERED this 24th day of March, 2010.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA